**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINKI SINGH,<br><br>          Plaintiff,<br><br>     v.<br><br>SUNVIR JOHAL, et al.,<br><br>          Defendants. | Case No. 1:25-cv-00830-SAB<br><br>ORDER GRANTING MOTION FOR LEAVE TO AMEND AND VACATING HEARING<br><br>(ECF No. 7) |

Before the Court is Plaintiff's motion for leave to file a first amended complaint. Defendants County of Madera, Deputy Daniel Lutz, and Deputy Michael Murphy have filed an opposition to the motion. (ECF No. 10.) The Court has reviewed the motion and the opposition and has determined to take this matter under submission without a hearing. L.R. 230(g).

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "In the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should . . . be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962), quoting Fed. R. Civ. P. 15(a). In other words, "[a]bsent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

1 Here, the moving Defendants' sole argument is one of futility and borne "out of an 2 abundance of precaution . . . lest their failure to oppose be deemed as waiver of their right to 3 challenge these defective claims, or an implied concession of their viability." (ECF No. 10, p. 2.) 4 Specifically, the moving Defendants argue that in the lodged amended complaint it is unclear as to 5 which defendants all causes of action are asserted against, and therefore, it can only be assumed 6 that all cases of action are asserted against all defendants. The moving Defendants then make 7 arguments of how they cannot be held liable for violations of the Sherman Act, Clayton Act, and 8 Cartwright Act, as well as arguing that the lodged amended complaint fails to state a claim.

9 While the moving Defendants' arguments are well-taken, they do not persuasively address 10 the issue before the Court—namely, whether the Court should give leave to amend. Indeed, the 11 Court agrees with Plaintiff that she has not exhibited undue delay, bad faith or dilatory motive, or 12 repeated failures to cure deficiencies by amendments previously allowed. Nor have Defendants 13 demonstrated undue prejudice by virtue of allowance of the amendment at this early stage of the 14 litigation.

15 Therefore, the only factor Defendants can rely on is futility. The Court is not persuaded. 16 At present, Plaintiff's allegations remain untested by a motion to dismiss, and thus, there are not 17 yet findings in the record to support a finding of futility. Moreover, it appears that the moving 18 Defendants would have the Court engage in an intermediate motion to dismiss in order to have 19 these claims screened out against them. While an understandable impulse, the Court is not 20 inclined to do so here. Instead, Defendants' arguments would be better taken procedurally in a 21 motion to dismiss. For these reasons, the Court does not find that Defendants have sufficiently 22 demonstrated futility at present to overcome the presumption under Rule 15(a) in favor of granting 23 leave to amend.[1]

24 / / /

25 / / /

---

[1] To be sure, futility may be a reason in and of itself to support denying leave to amend. However, that "may" not be readily apparent from the record present, given that Plaintiff has not been given an opportunity to address futility in the context of a motion to dismiss. That said, Plaintiff is on notice regarding the futility assertion by Defendants and now knowing Defendants' position, it may be harder in a motion to dismiss to grant leave to amend because Defendants would then have a stronger futility argument.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a first amended complaint (ECF No. 7) is GRANTED;

2. The Court DIRECTS the Clerk of the Court to file the lodged first amended complaint (ECF No. 8);

3. The October 29, 2025 hearing on Plaintiff's motion for leave to amend is VACATED;

4. The Court ADVISES Plaintiff that she must comply with service requirements, as well as timing requirement in Federal Rule of Civil Procedure 4(m), regarding Defendants Sunvir Johal and Grewal Pritam (who have not yet appeared in this action) and any new defendants listed in the amended complaint; and

5. Defendants shall have **twenty-one (21) days** from the entry of (or service of) this order to answer or otherwise response to the first amended complaint.

IT IS SO ORDERED.

Dated:   **October 15, 2025**

STANLEY A. BOONE
United States Magistrate Judge